G. C. Everett v. The Board of Public Instruction of Volusia County.

186 So. 209.
Opinion Filed January 24, 1939.

*M. S. McGregor,* for Plaintiff in Error;
*Ray H. Jordan,* for Defendant in Error.

Per Curiam.—Writ of error brings for review judgment in favor of defendant in the court below, defendant in error here, on demurrer sustained to replication.

The declaration was in four common counts: for work done and material furnished, money received by defendant for use of the plaintiff, money found to be due from defendant to the plaintiff and for interest on divers sums of money foreborne by the plaintiff.

The defendant pleaded never was indebted as alleged and for second plea, said:

"For a second plea unto said declaration, this defendant says that the plaintiff was recommended for janitor of South Ridgewood Avenue School, of Daytona Beach, Florida, by the Trustees of Special Tax School District No. 6 of Volusia County, Florida, to the defendant at a meeting held on September 5, 1935; that the defendant declined to accept said recommendation and appointed A. S. Kelly to the position of janitor of the South Ridgewood Avenue School,

as appears by the Minutes of the meeting of defendant held on September 5, 1935, and that the plaintiff was never employed by this defendant as janitor for the South Ridgewood Avenue School of Daytona Beach, Florida."

To the second plea plaintiff filed replication, as follows:

"That on or about the 1st day of August, 1925, the plaintiff was employed by one W. B. Treloar, the duly authorized and acting Supervising Principal of the Daytona Beach Mainland Public Schools, and that the said W. B. Treloar was acting as such Supervising Principal under the authority and by the direction of the defendant in this cause; that being so employed as aforesaid on the 1st day of August, 1935, this defendant continued to perform the duties of janitor of the South Ridgewood Avenue School from August 1st to August 15th, 1935, and was so acting as janitor under the direction and supervision of the said W. B. Treloar; that according to the custom the janitors of the said schools worked only two weeks in each month during the summer months; that the said W. B. Treloar on August 15th, 1935, requested the plaintiff to take a vacation for the last half of the month of August, 1935, and on said date directed the plaintiff to return to work on the 1st day of September, 1935, and to remain and continue from the 1st of September, 1935, throughout the then ensuing school year; that on the 1st day of September, 1935, according to the instructions and directions which the plaintiff had received from the said W. B. Treloar, acting with full knowledge and authority of the defendant in this cause, the plaintiff returned and resumed his duties as janitor of the Ridgewood Avenue School; that the keys to said school were then and there placed in the custody and possession of this plaintiff by the said W. B. Treloar, and that the said keys were kept and carried by this plaintiff for said school during the months of September, October and November, 1935, during which said months this

plaintiff performed his duties as janitor of the said Ridgewood Avenue School under the direction of the said W. B. Treloar at the agreed salary of Seventy ($70.00) Dollars per month of four school weeks each; this plaintiff says that whatever authority the defendant in this case had for employing janitors for the Ridgewood Avenue School of Daytona Beach, Florida, was delegated to and committed to the said W. B. Treloar as Supervising Principal as aforesaid, and to the local school trustees acting for said Special Tax School District No. 6; and that the acts of employment done and committed by the said W. B. Treloar and/or the said local trustees were in fact the authorized acts of the defendant in this case as completely as if said acts had been performed directly by the defendant herein, and that this plaintiff was engaged with the knowledge, authority, consent and acquiescence of the defendant in this case, to perform the duties of janitor at the Ridgewood Avenue School in Daytona Beach, Florida; that actually the defendant well knew that the plaintiff in this cause was performing the duties of janitor as aforesaid during the months of September, October and November, 1935, nevertheless, the defendant at no time notified the plaintiff to discontinue his services as such janitor, but on the contrary the member of the defendant from the district involved in this suit, repeatedly stated to the plaintiff that he should continue to perform the duties of his employment and that he would be paid for the same; plaintiff further says that there was nothing brought to his attention during the time for which the defendant owes the salary claimed in this suit which would indicate that his services were not entirely acceptable to and would be paid for by the defendant in this cause."

The judgment was on demurrer to the replication as stated.

The replication was not a departure from the declaration

and, as we construe it, did not entirely fail to state a cause of action for work done and performed for the defendant with the knowledge, acquiescence and consent of the defendant for which the plaintiff could lawfully recover *quantum meruit*.

The judgment is, therefore, reversed and the cause remanded for further proceedings.

So ordered.

TERRELL C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., not participating, as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.